IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PENOVIA LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>D-LINK SYSTEMS, INC.,<br><br>　　　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 2:13-cv-775-JRG<br><br>**JURY TRIAL REQUESTED** |

## DEFENDANT D-LINK SYSTEMS, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF PENOVIA LLC'S  COMPLAINT

Defendant D-Link Systems, Inc. ("D-Link Systems") hereby responds to Plaintiff Penovia LLC, ("Plaintiff" or "Penovia") Complaint dated September 27, 2013 ("Complaint"). D-Link Systems denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

## PARTIES AND JURISDICTION

1.　　　D-Link Systems admits that the Complaint purports to be an action for patent infringement under Title 35 of the United States Code and that Plaintiff purports to be seeking recovery of damages.  Any remaining allegations of Paragraph 1 are denied.

2.　　　D-Link Systems admits that subject matter jurisdiction for a patent infringement action is allowed by 28 U.S.C. §§ 1331 and 1338(a).  Any remaining allegations of Paragraph 2 are denied.

3.　　　D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies them.

4.      D-Link Systems admits that it is a California corporation with a place of business at 17595 Mt. Herrmann Street, Fountain Valley, California 92708.  The remaining allegations of Paragraph 4 contain conclusions of law to which no response is required.  To the extent a response is required, D-Link Systems denies the remaining allegations of paragraph 4.

5.      D-Link Systems denies that any D-Link Systems product infringed or has infringed any valid, enforceable claim of the '221 Patent.  Any remaining allegations of Paragraph 5 are denied.

## VENUE

6.      Paragraph 6 contains conclusions of law to which no response is required.  To the extent that a response to this paragraph is required, D-Link Systems denies that venue is proper in this Court.  Any remaining allegations of Paragraph 6 are denied.

## COUNT I
## (ALLEGED INFRINGEMENT OF UNITED STATES PATENT NO. 5,822,221)

7.      D-Link Systems incorporates by reference its responses to the allegations in Paragraphs 1 through 6 of the Complaint.

8.      D-Link Systems admits that the Complaint purports to be an action for patent infringement under Title 35 of the United States Code, and in particular, 35 U.S.C. §§ 271, *et seq*.  Any remaining allegations of Paragraph 8 are denied.

9.      D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and therefore denies them.

10.      D-Link Systems admits that Plaintiff purports to have attached a copy of United States Patent No. 5,822,221 ("the '221 Patent") to the Complaint as Exhibit A, and that the '221 Patent is entitled "Office Machine Monitoring Device."  D-Link Systems is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 and therefore denies them.

11.     D-Link Systems specifically denies that the '221 Patent is "in full compliance with Title 35 of the United States Code".  D-Link Systems further denies that the '221 Patent "is valid and [] is enforceable" and denies any remaining allegations of Paragraph 11.

12.     D-Link Systems admits that the '221 Patent expired.  D-Link Systems is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12, and therefore denies them.

13.     Denied.

14.     D-Link Systems denies that Plaintiff is in compliance with 35 U.S.C. § 287.

15.     D-Link Systems admits that Plaintiff purports to be seeking recovery of damages. D-Link Systems specifically denies that D-Link Systems or any D-Link Systems product infringed any valid, enforceable claim of the '221 Patent and that Plaintiff is entitled to any relief requested.  Any remaining allegations of paragraph 15 sets forth legal conclusions to which no response is required.  To the extent a response is required, D-Link Systems denies any remaining allegations of Paragraph 15.

## DEMAND FOR JURY TRIAL

This Paragraph sets forth Plaintiff's request for a jury trial to which no response is required.

## PRAYER FOR RELIEF

These Paragraphs set forth Plaintiff's statement of relief to which no response is required. To the extent that responses to these Paragraphs are required, D-Link Systems denies that

Plaintiff is entitled to any relief from D-Link Systems.  Any remaining allegations of these Paragraphs are denied.

## AFFIRMATIVE DEFENSES

Subject to the responses above, D-Link Systems alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, D-Link Systems specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

2.      D-Link Systems had not infringed (either literally, under the doctrine of equivalents, directly, indirectly, or in any way) any valid or enforceable claims of the '221 Patent prior the expiration of the '221 Patent, and had not otherwise committed any acts in violation of 35 U.S.C. §271 prior to the expiration of the '221 Patent.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

3.      On information and belief, all claims of the '221 Patent were invalid for failure to comply with one or more conditions of patentability set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Give Notice)

4.      To the extent Plaintiff seeks damages for alleged infringement prior to its giving actual or constructive notice of the '221 Patent to D-Link Systems, the relief it seeks is barred by 35 U.S.C. § 287.

## FIFTH AFFIRMATIVE DEFENSE
### (LACHES)

5.      Plaintiff's claims for relief are barred in whole or in part by laches.

## SIXTH AFFIRMATIVE DEFENSE
### (Unenforceability)

6.      By reason of the proceedings in the U.S. Patent and Trademark Office during prosecution of the applications for the '221 Patent and the admissions and representations made by the inventor, assignee, Plaintiff, and/or their attorneys, Plaintiff is estopped from asserting constructions for the claims of the '221 Patent covering any method or device made, used, offered for sale or sold by D-Link Systems.

7.      The claims of the '221 Patent are unenforceable, in whole or in part, by the doctrine of waiver (express or implied).

8.      The claims of the '221 Patent are unenforceable as asserted, in whole or in part, by the doctrine of equitable estoppel.

9.      Plaintiff's claims for relief are barred in whole or in party by acquiescence.

10.     The claims of the '221 Patent are unenforceable due to unclean hands.

11.     The claims of the '221 Patent are invalid and unenforceable because of applicant's failure to comply with 35 U.S.C. §§ 111 and 116.

## SEVENTH AFFIRMATIVE DEFENSE
### (Limitations)

12.     On information and belief, the inventor, assignee and/or Plaintiff had failed to mark commercial embodiments of the '221 Patent.  Plaintiff's alleged damages are limited because it has not satisfied the requirements for obtaining damages under 35 U.S.C. § 287, and the limitation period further bars past damage claims.

13.     Plaintiff's claims for relief are limited by the doctrine of full compensation, exhaustion, and/or first sale, and Plaintiff is not entitled to a double recovery.

## EIGHTTH AFFIRMATIVE DEFENSE
### (Other Defenses)

14.     Should D-Link Systems be found to infringe the '221 Patent, such infringement was not willful.

15.     Plaintiff has failed to state facts sufficient to support an award of attorney's fees to Plaintiff.

16.     D-Link Systems reserves the right to supplement or amend this Answer to assert any other defense that may become available or apparent during discovery or as the case progresses.

## COUNTERCLAIMS

D-Link Systems, Inc. ("D-Link Systems") alleges the following counterclaims against Penovia LLC ("Penovia"):

## JURISDICTION AND VENUE

1.     D-Link Systems asserts counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. § 2, seeking declaratory judgment under the patent laws of the United States, United States Code Title 35, that the patent asserted by Penovia is invalid, unenforceable, and not infringed.

6

2.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, and 2202, and 35 U.S.C. § 1, *et seq*.

3.      At least by filing its Complaint, Penovia has consented and/or submitted to the personal jurisdiction of this Court.

4.      Venue is proper in this district for the purpose of compulsory counterclaims pursuant to 28 U.S.C. § 1391, because this suit was filed in this district by Penovia.

5.      As demonstrated by the Complaint filed by Penovia in this action, and D-Link Systems' Answer and Affirmative Defenses thereto, an actual and justiciable controversy exists between D-Link Systems and Penovia regarding the non-infringement, invalidity and unenforceability of United States Patent No. 5,822,221 ("the '221 Patent") within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

## THE PARTIES

6.      D-Link Systems is a California corporation having its place of business at 17595 Mt. Herrmann Street, Fountain Valley, California 92708.

7.      Penovia purports to be a Texas limited liability company with its principal office at 3400 Silverstone Drive, Suite 191-B, Plano, Texas 75023.

8.      Penovia purports to have ownership of the '221 Patent.

## COUNT I: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '221 PATENT

9.      D-Link Systems repeats and realleges Paragraphs 1-15 of its Answer, each of its Affirmative defenses, and Paragraphs 1-8 of its Counterclaims as if fully set forth herein.

10.     By its Complaint, Penovia asserts that D-Link Systems, Inc. has infringed the '221 patent.  D-Link Systems denied these allegations.

11.     D-Link Systems has denied Penovia's claim of infringement of the '221 Patent, and contends that it does not infringe the '221 Patent or any valid or enforceable asserted claim thereof.

12.     An actual and justiciable controversy has thus arisen between Penovia and D-Link Systems, Inc. concerning the alleged infringement of the '221 Patent.

13.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, D-Link Systems is entitled to judgment from this Court finding the '221 Patent not infringed, directly or indirectly, by D-Link Systems, Inc.

## COUNT II: DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '221 PATENT

14.     D-Link Systems repeats and realleges Paragraphs 1-15 of its Answer, each of its Affirmative defenses, and Paragraphs 1-8 of its Counterclaims as if fully set forth herein.

15.     By its Complaint, Penovia asserts that the '221 Patent is valid.  D-Link Systems, Inc. has denied this allegation and contends that the '221 Patent is invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

16.     An actual and justiciable controversy has thus arisen between Penovia and D-Link Systems concerning the validity of the '221 Patent.

17.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, D-Link Systems is entitled to judgment from this Court finding the '221 Patent invalid pursuant to 35 U.S.C. §§ 101, 102, 103 and/or 112.

## RELIEF REQUESTED

WHEREFORE, D-Link Systems prays for relief as follows:

A.     That the Court enter judgment in favor of D-Link Systems, and against Plaintiff;

B.    That the Court declare the patent-in-suit not infringed by D-Link Systems;

C.    That the Court declare the patent-in-suit invalid;

D.    That the Court declare the patent-in-suit unenforceable;

E.    That Plaintiff take nothing by its Complaint against D-Link Systems;

F.    That the Court find this case exceptional under 35 U.S.C. § 285, and award D-Link Systems its costs and fees in this action, including reasonable attorneys' fees and pre-judgment interest thereon; and

G.    That the Court grant D-Link Systems such other and further relief as it deems just and proper.

## JURY DEMAND

Defendant demands a trial by jury as to all issues so triable.


Dated: November 26, 2013                    Respectfully submitted,


                                By:    */s/ S. J. Christine Yang by Trey Yarbrough with*
                                       *permission*
                                       S.J. Christine Yang (*pro hac vice*)
                                       cyang@sjclawpc.com
                                       Victoria Hao (*pro hac vice*)
                                       vhao@sjclawpc.com
                                       THE LAW OFFICES OF S.J. CHRISTINE YANG
                                       17220 Newhope Street, Suite 101
                                       Fountain Valley, California 92708
                                       Tel: (714) 641-4022; Fax: (714) 641-2082

9

Trey Yarbrough
Bar No. 22133500
Debby E. Gunter
Bar No. 24012752
YARBROUGH WILCOX GUNTER, PLLC
100 East Ferguson, Suite 1015
Tyler, Texas 75702
(903) 595-3111
Fax: (903) 595-0191
trey@yw-lawfirm.com
debby@yw-lawfirm.com

Attorneys for Defendant D-Link Systems, Inc.

## Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 26th day of November, 2013.  All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

*/s/ Trey Yarbrough*
Trey Yarbrough